IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RUIZ MARAVILLA, ) | No. C 11-03385 EJD (PR) |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE |
| ) | |
| vs. ) | |
| ) | |
| G. SWARTHOUT, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee. (See Docket No. 5.)

**BACKGROUND**

According to the petition and the attachments thereto, Petitioner pleaded no contest in Monterey County Superior Court to count 1 - robbery (Cal. Penal Code. § 211), and admitted an allegation under Penal Code § 186.22(b)(1) (felony committed/criminal street gang) on condition that he receive felony probation, and that count 2 was to be dismissed. (Pet. Ex. 1 at 2.) He was placed on felony probation for five years, and sentenced to 365 days in county jail. Thereafter,

Order to Show Cause
G:\PRO-SE\SJ.EJD\HC.11\03385Maravilla_osc.wpd

Petitioner violated the terms of probation twice, which ultimately resulted in the court imposing a 13-years sentence. (Id.)

Petitioner filed state habeas petitions, with the California Supreme Court denying review on June 22, 2011. (Id. at 4; Ex. 1.) Petitioner filed the instant federal habeas petition on July 11, 2011.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. <u>Legal Claims</u>

Petitioner raises the following claims for federal habeas relief: 1) ineffective assistance of trial counsel for failing to investigate whether Petitioner's "factual innocence" with respect to the gang allegation under Penal Code § 186.22(b)(1); 2) the Government violated the conditions of the plea agreement; and 3) ineffective assistance of appellate counsel. Liberally construed, these claims appear cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this

Order to Show Cause
G:\PRO-SE\SJ.EJD\HC.11\03385Maravilla_osc.wpd      2

1 order on Petitioner.

2     2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

    4. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

DATED: February 1, 2012



EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAVIER RUIZ MARAVILLA,

        Petitioner,

  v.

G. SWARTHOUT, Warden,

        Respondent.
                                          /

Case Number: CV11-03385 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/3/2012  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Javier Ruiz Maravilla G-14768
P. O. Box 4000
Vacaville, CA 95696-4000

Dated:   2/3/2012

                                        Richard W. Wieking, Clerk
                                        /s/ By: Elizabeth Garcia, Deputy Clerk